FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
4:53 pm, Aug 31, 2026
JEFFREY P. COLWELL, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. ________________
(To be assigned by Clerk)
PAMELA RUMNEY SLATER,
Plaintiff,
v.
TOWN OF BUENA VISTA, COLORADO;
MAYOR LIBBY FAY, in her official and individual capacities;
TOWN ADMINISTRATOR BRIAN BERGER, in his individual and official capacities;
CHIEF DEAN MORGAN, in his individual and official capacities;
COMMANDER SHANE GARCIA, in his individual and official capacities;
SERGEANT MEGAN MITCHELL, in her individual and official capacities;
OFFICER LANCE MCDONALD, in his individual and official capacities;
OFFICER ANITA WROTEN, in her individual capacity;
MELISSA GOODWIN, in her individual and official capacities;
JUDY NYBERG, in her individual and official capacities;
BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY;
SHERIFF ANDY ROHRICH, in his individual and official capacities;
UNDERSHERIFF ALEX WALKER, in his individual and official capacities;
SUPERVISOR NICK HUFFMAN, in his individual and official capacities;
DISPATCHER SHELBY WILSON, in her individual and official capacities;
CHARLOTTE KARCHER, in her individual and official capacities;
KATRINA MARTINEZ, in her individual and official capacities;
CHAFFEE COUNTY DISPATCHERS / CAD OPERATORS DOES 1–3, in their individual and official capacities;
DETENTION DEPUTY LEMUR, in his individual and official capacities;
CHAFFEE COUNTY BOOKING DEPUTY JOHN DOE 1 (DESK OFFICER), in his individual and official capacities;
CHAFFEE COUNTY PATROL DEPUTIES JOHN DOES 5–6 (AUGUST 26 RESIDENTIAL VISITING DEPUTIES), in their individual and official capacities;
CHAFFEE COUNTY DETENTION DEPUTIES JOHN 2–4, in their individual and official capacities;
BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY;
SHERIFF TOM MCGRAW, in his individual and official capacities;
UNDERSHERIFF STEVE SPODYAK, in his individual and official capacities;
LIEUTENANT JENNIFER PLUTE, in her individual and official capacities;
SUPERVISOR / SERGEANT MACKENZIE, in her individual and official capacities;
DEPUTY SACKETT, in his individual capacity;
PARK COUNTY SECOND RESPONDING DEPUTY / JOHN DOE, in his individual capacity;
DETENTION OFFICER FRANCA, in his individual and official capacities;
PARK COUNTY DAY-SHIFT INTAKE DEPUTY (GRAY-HAIRED MALE), in his individual and official capacities;
PARK COUNTY DETENTION DEPUTY JOHN DOE 1 (NIGHT SHIFT BOOKING / PHOTO REFUSAL OFFICER), in his individual and official capacities;

PARK COUNTY DETENTION DEPUTIES JOHN DOES 2–5, in their individual and official capacities;
PARK COUNTY EVIDENCE & PROPERTY CUSTODIAN / JOHN DOE, in their individual and official capacities;
DISTRICT ATTORNEY JEFFREY LINDSEY, in his official capacity;
and JOHN/JANE DOES 7–10,
Defendants.

COMPLAINT AND JURY DEMAND

Plaintiff PAMELA RUMNEY SLATER, proceeding pro se, brings this civil action against the above-named Defendants pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, the Fourth, First, and Fourteenth Amendments to the United States Constitution, and supplemental state law, and alleges as follows:

I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, specifically 42 U.S.C. §§ 1983, 1985, and 1988, and the Fourth, First, and Fourteenth Amendments. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).
2. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367(a) because the state claims arise out of the same common nucleus of operative facts.
3. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b) because all events, acts, and omissions giving rise to the claims occurred within the District of Colorado, and all Defendants reside or conduct official business within this District.

II. PARTIES

4. Plaintiff PAMELA RUMNEY SLATER is a natural person and citizen of the United States residing in Buena Vista, Chaffee County, Colorado.

5. Defendant TOWN OF BUENA VISTA, COLORADO is a statutory municipality and local governmental entity organized under the laws of the State of Colorado.

6. Defendant LIBBY FAY was at all relevant times the Mayor of the Town of Buena Vista, acting under color of state law, sued in her official and individual capacities for municipal policymaking, supervisory oversight, and ratification of unconstitutional customs.

7. Defendant BRIAN BERGER was at all relevant times the Town Administrator of the Town of Buena Vista, acting under color of state law, sued in his individual and official capacities for administrative management and command personnel oversight.

8. Defendant CHIEF DEAN MORGAN was at all relevant times the Chief of Police of the Buena Vista Police Department, acting under color of state law, sued in his individual and official capacities.

9. Defendant COMMANDER SHANE GARCIA was at all relevant times a commander and supervisory officer of the Buena Vista Police Department, acting under color of state law, sued in his individual and official capacities.

10. Defendant SERGEANT MEGAN MITCHELL was at all relevant times a supervisory police officer employed by the Buena Vista Police Department, acting under color of state law, sued in her individual and official capacities.

11. Defendant OFFICER LANCE MCDONALD was at all relevant times a police officer employed by the Buena Vista Police Department, acting under color of state law, sued in his individual and official capacities.

12. Defendant OFFICER ROTEN was at all relevant times a police officer employed by the Buena Vista Police Department, acting under color of state law, sued in his individual capacity.

13. Defendant MELISSA GOODWIN was at all relevant times a records administrator and custodian employed by the Buena Vista Police Department, acting under color of state law, sued in her individual and official capacities.

14. Defendant JUDY NYBERG was at all relevant times a records administrator, clerk, and records custodian employed by the Town of Buena Vista and Buena Vista Police Department, acting under color of state law, sued in her individual and official capacities.

15. Defendant BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY is the governing body and municipal entity of Chaffee County, Colorado, suable under C.R.S. § 30-11-105.

16. Defendant SHERIFF ANDY ROHRICH was at all relevant times the elected Sheriff of Chaffee County, acting under color of state law, sued in his individual and official capacities as final statutory policymaker.

17. Defendant UNDERSHERIFF ALEX WALKER was at all relevant times the Undersheriff of Chaffee County, acting under color of state law, sued in his individual and official capacities.

18. Defendant SUPERVISOR NICK HUFFMAN was at all relevant times the Communications and Dispatch Supervisor for the Chaffee County Sheriff's Office, acting under color of state law, sued in his individual and official capacities for administrative CAD data manipulation and supervision.

19. Defendant SHELBY WILSON was at all relevant times an emergency communications dispatcher and CAD console operator employed by the Chaffee County Sheriff's Office / Combined Regional Communications, acting under color of state law, sued in her individual and official capacities.

20. Defendants CHARLOTTE KARCHER and KATRINA MARTINEZ were at all relevant times records personnel employed by the Chaffee County Sheriff's Office, acting under color of state law, sued in their individual and official capacities.

21. Defendants CHAFFEE COUNTY DISPATCHERS / CAD OPERATORS DOES 1–3 were at all relevant times emergency dispatchers and CAD console operators for Chaffee County Combined Communications, acting under color of state law, sued in their individual and official capacities.

22. Defendant DETENTION DEPUTY LEMIRE was at all relevant times a detention and booking deputy employed by the Chaffee County Sheriff's Office at the Chaffee County Jail, acting under color of state law, sued in his individual and official capacities.

23. Defendant CHAFFEE COUNTY BOOKING DEPUTY JOHN DOE 1 (DESK OFFICER) was at all relevant times a booking deputy on duty behind the desk at the Chaffee County Jail, acting under color of state law, sued in his individual and official capacities.

24. Defendants CHAFFEE COUNTY PATROL DEPUTIES JOHN DOES 5–6 were at all relevant times patrol deputies employed by the Chaffee County Sheriff's Office dispatched to Plaintiff's residence on August 26, 2026, acting under color of state law, sued in their individual and official capacities.

25. Defendants CHAFFEE COUNTY DETENTION DEPUTIES JOHN/JANE DOES 2–4 were at all relevant times detention personnel employed at the Chaffee County Jail, acting under color of state law, sued in their individual and official capacities.
26. Defendant BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY is the governing body and municipal entity of Park County, Colorado, suable under C.R.S. § 30-11-105.
27. Defendant SHERIFF TOM MCGRAW was at all relevant times the elected Sheriff of Park County, acting under color of state law, sued in his individual and official capacities as final statutory policymaker.
28. Defendant UNDERSHERIFF STEVE SPODYAK was at all relevant times the Undersheriff of Park County, acting under color of state law, sued in his individual and official capacities.
29. Defendant LIEUTENANT JENNIFER PLUTT was at all relevant times a lieutenant and supervisory officer employed by the Park County Sheriff's Office, acting under color of state law, sued in her individual and official capacities.
30. Defendant SUPERVISOR / SERGEANT MCKENZIE was at all relevant times a sergeant and supervisory officer employed by the Park County Sheriff's Office, acting under color of state law, sued in her individual and official capacities.
31. Defendant DEPUTY SACKETT was at all relevant times a patrol deputy employed by the Park County Sheriff's Office, acting under color of state law, sued in his individual capacity.

32. Defendant PARK COUNTY SECOND RESPONDING DEPUTY / JOHN DOE was at all relevant times a patrol deputy on scene at Wilkerson Pass, acting under color of state law, sued in his individual capacity.

33. Defendant DETENTION OFFICER FRANCA was at all relevant times an intake and booking officer employed by the Park County Sheriff's Office, acting under color of state law, sued in his individual and official capacities.

34. Defendant PARK COUNTY DAY-SHIFT INTAKE DEPUTY (GRAY-HAIRED MALE) was at all relevant times a detention officer on duty at the Park County Jail during Plaintiff's intake, acting under color of state law, sued in his individual and official capacities.

35. Defendant PARK COUNTY DETENTION DEPUTY JOHN DOE 1 (NIGHT SHIFT BOOKING / PHOTO REFUSAL OFFICER) was at all relevant times a booking officer on duty with Defendant Franca at the Park County Jail, acting under color of state law, sued in his individual and official capacities.

36. Defendants PARK COUNTY DETENTION DEPUTIES JOHN DOES 2–5 were at all relevant times detention deputies on duty during Plaintiff's confinement at the Park County Jail, acting under color of state law, sued in their individual and official capacities.

37. Defendant PARK COUNTY EVIDENCE & PROPERTY CUSTODIAN / JOHN DOE was at all relevant times the custodian of evidence and property for the Park County Sheriff's Office, acting under color of state law, sued in their individual and official capacities.

38. Defendant DISTRICT ATTORNEY JEFFREY LINDSEY was at all relevant times the District Attorney for the 11th Judicial District of Colorado, acting under color of state law, sued in his official capacity.

39. Defendants JOHN/JANE DOES 7–10 are currently unidentified law enforcement officers, dispatchers, or administrative personnel who participated in the constitutional violations alleged herein.

## III. GENERAL FACTUAL ALLEGATIONS

### A. Town of Buena Vista & Buena Vista Police Department: Origin Point, Report Falsification, and Spoliation

40. The pattern of targeted municipal retaliation originated when Defendant Officer Lance McDonald authored a false, biased, and unauthorized incident report concerning Plaintiff, designed to protect an adverse third party and prejudice Plaintiff.

41. Upon discovering material falsehoods within Defendant McDonald's report, Plaintiff filed a formal citizen misconduct complaint with the Buena Vista Police Department.

42. Defendant Chief Dean Morgan conducted a sham internal review, deliberately disregarded evidence of officer dishonesty, and formally exonerated Defendant McDonald, ratifying report fabrication as accepted departmental practice.

43. During the internal inquiry, BVPD personnel and command staff tampered with Body-Worn Camera (BWC) footage, excising key recorded segments and logging an unauthorized manual shut-off in direct violation of mandatory statutory recording duties under C.R.S. § 24-31-902.

44. BVPD command staff, in coordination with records personnel, generated backdated supplemental reports within the agency's Records Management System (RMS), deliberately manipulating entry timestamps to sanitize the departmental narrative.

45. Defendants Judy Nyberg and Melissa Goodwin, acting as records custodians, produced these altered and spoliated records to Plaintiff, falsely representing them as complete, true, and maintained in good faith.

46. In processing Plaintiff's records requests, Defendants Nyberg and Goodwin unlawfully redacted exculpatory audio/video proving officer misconduct, while recklessly disclosing unredacted, sensitive private data (birthdays, telephone numbers, and interior apartment views) to embarrass and harass individuals involved.

47. Defendants Mayor Libby Fay, Town Administrator Brian Berger, and the Board of Trustees ratified this unconstitutional custom by promoting Defendant Shane Garcia to Commander despite actual notice that Garcia was the subject of multiple civil rights lawsuits alleging excessive force.

48. *Cross-Entity Nexus:* BVPD command staff and records personnel transmitted these biased narratives to regional dispatch to create master dispatch warning flags against Plaintiff.

B. Chaffee County & Regional Communications: CAD Alteration, Pretextual Inversion, and Inter-Agency Tagging

49. On February 3, Plaintiff requested an emergency welfare check regarding Plaintiff's granddaughter. Chaffee County law enforcement subverted the emergency call, using it as a pretext to initiate a retaliatory "stalking" investigation against Plaintiff.

50. On Sunday, September 16, while exiting her residence for work, Plaintiff witnessed an unattended 2½-year-old child crying on an elevated upper balcony, serving as the third witness and sole citizen willing to call 911 dispatch.

51. Contemporary witness records confirm the child was observed crying as early as 2:09 PM. Rather than investigating child endangerment, responding officers and dispatch personnel inverted the investigation to target Plaintiff.

52. To conceal the true duration of child neglect and create a false narrative against Plaintiff, Defendant Supervisor Nick Huffman and Defendant Dispatcher Shelby Wilson, together with Dispatcher Does 1–3 and records staff, altered and falsified official CAD logs to fabricate a call time of 2:35 PM.

53. In further retaliation, dispatch and police personnel placed defamatory and unauthorized flags on Plaintiff's master CAD dispatch profile, designating Plaintiff under a "harassment" label and "borderline criminal," thereby corrupting regional dispatch databases.

54. When Plaintiff exercised statutory rights under the Colorado Criminal Justice Records Act (CCJRA) to obtain and correct these altered records, Defendants refused compliance, forcing Plaintiff to file a formal CCJRA Mandamus Action in state court (Case No. CV15), scheduled for a Show Cause hearing on September 22, 2026.

55. *Cross-Entity Nexus:* During Plaintiff's detention at Wilkerson Pass, this corrupted dispatch profile and the pending litigation were transmitted directly across county lines to Park County deputies.

C. Park County Sheriff's Office: Wilkerson Pass Encounter, Firearm Seizure, and Jail Neglect

56. On the date in question, Plaintiff was violently pushed to the concrete ground and physically assaulted by a third-party assailant.

57. Law enforcement responded to the Wilkerson Pass rest area (~9,500 ft elevation). During the encounter, an officer directed Plaintiff toward the mezzanine structure. As severe rain began, the officer ordered Plaintiff to stop running toward shelter, resulting in Plaintiff becoming thoroughly drenched in freezing mountain rainwater.

58. Upon examining Plaintiff's driver's license and observing her Buena Vista residence, responding officers accessed the corrupted dispatch profile and altered their focus to retaliatory targeting.

59. Defendant Park County Second Responding Deputy / John Doe placed calls to dispatch on at least two separate occasions to explicitly alert Chaffee County authorities regarding Plaintiff's identity, location, and the on-scene contact.

60. Rather than documenting Plaintiff's injuries or investigating the violent assailant, Defendant Deputy Sackett placed Plaintiff in physical handcuffs and confined Plaintiff in the back of a patrol vehicle without reasonable suspicion, probable cause, or a warrant.

61. During the encounter, Defendant Sackett unlawfully seized Plaintiff's personal property, specifically a newly purchased Smith & Wesson firearm, without a warrant, exigent circumstances, or legal justification.

62. Plaintiff was transported to Fairplay, Colorado, in completely soaked, freezing clothing, remaining in cold confinement throughout the entire journey.

63. Upon arrival at the Park County Jail between 4:00 PM and 4:30 PM, the day-shift intake deputy placed Plaintiff directly into an unheated holding cell without performing a

medical intake screening, booking, or providing dry jail clothing or blankets, offering only a pitcher of water while warning Plaintiff not to complain.

64. To prevent worsening hypothermia, Plaintiff was forced to remove her own soaked pants and waterlogged shoes, remaining partially clothed in the cold cell for over three hours without edible, nutritionally adequate food.

65. At approximately 7:30 PM to 8:00 PM, evening shift personnel—including Defendant Detention Officer Franca and Defendant Night Shift Booking Deputy John Doe 1—initiated booking and fingerprinting.

66. Plaintiff explicitly requested photographic documentation of her visible bruises, contusions, and physical injuries from the assault. When the booking officer claimed full-body photos could not be taken due to the lack of a female deputy, Plaintiff requested that the officer photograph the visible trauma on her exposed arms and hands.

67. Defendant Night Shift Booking Deputy John Doe 1 flatly refused to photograph Plaintiff's exposed arms, deliberately suppressing contemporaneous physical evidence of Plaintiff's injuries. Defendant Franca witnessed this refusal and failed to intervene.

68. Upon Plaintiff's subsequent transfer, Park County personnel failed and refused to provide Plaintiff with any property inventory sheet, receipt, or documentation for her seized firearm, retaining it indefinitely without procedural due process.

69. Supervisory command staff—including Defendants Plutt, McKenzie, Spodyak, and McGraw—received direct verbal and written electronic notice of the unlawful arrest, physical injuries, and property withholding, yet ratified the misconduct and took no corrective action.

70. *Cross-Entity Nexus:* At approximately midnight, Park County personnel transported Plaintiff directly to the Chaffee County Jail in Salida, Colorado.

D. Chaffee County Detention Facility: Scalp Exposure, Retaliation, and Delayed Release

71. Plaintiff suffers from a severe, sensitive scalp condition causing bare patches and physical vulnerability, for which Plaintiff wears a soft protective head covering.

72. Upon arrival at the Chaffee County Jail, Defendant Detention Deputy Lemire ordered Plaintiff to remove her protective head covering. Despite Plaintiff demonstrating that the soft covering presented zero security or contraband risk, Defendant Lemire refused to permit Plaintiff to wear it, forcing Plaintiff to remain exposed, bald, and humiliated throughout her detention.

73. Plaintiff arranged for a friend to arrive at the facility with funds to post bond immediately.

74. Despite Plaintiff being fully eligible for immediate release and her surety being present with funds, Defendant Lemire and Defendant Booking Deputy John Doe 1 (the desk officer) intentionally dragged out five minutes of standard release paperwork over a two- to three-hour period, prolonging Plaintiff's physical confinement and public humiliation.

75. This conduct was executed in bad faith as direct First Amendment retaliation for Plaintiff's protected public records requests, social media speech, and the pending CCJRA Mandamus lawsuit.

E. Post-Release Retaliatory Intimidation, Surveillance Evasion, and Medical Care

76. On the afternoon of August 26, 2026—mere hours after Plaintiff's 2:00 AM release and prior to retrieving her vehicle—Defendants Chaffee County Patrol Deputies John Does 5–6 arrived unannounced at Plaintiff's residence.

77. The deputies executed heavy, aggressive knocks without identifying themselves or stating their purpose, departed, and then returned twenty minutes after Plaintiff retrieved her vehicle to resume aggressive knocking, leaving only after overhearing Plaintiff on an emergency family phone call.

78. As a direct result of this targeted residential harassment, Plaintiff was placed in immediate terror of vehicle interception, deterring Plaintiff from seeking emergency medical care on August 26.

79. On August 27, 2026, Plaintiff was forced to navigate back roads to avoid local automated license plate recognition cameras (Flock cameras) and leave Chaffee County entirely to reach St. Vincent General Hospital in Leadville (Lake County).

80. During the examination at St. Vincent General Hospital, attending physicians determined that Plaintiff's physical trauma, deep-tissue contusions, and internal injuries were severe enough to require formal inpatient hospital admission.

81. Due to continuous fear of nighttime traffic stops and retaliatory arrest while driving home in the dark, Plaintiff felt compelled to decline remaining at the facility to ensure she could travel home during daylight, only discovering on August 28 that physicians had recommended inpatient admission.

## IV. CAUSES OF ACTION

COUNT I: 42 U.S.C. § 1983 – Fourth Amendment (Unlawful Seizure and False Arrest) (Against Defendants Sackett, Park County Second Responding Deputy / John Doe, Roten, McDonald, and Commander Shane Garcia in their Individual Capacities)

82. Plaintiff realleges all preceding paragraphs. Defendants detained, handcuffed, and arrested Plaintiff without reasonable suspicion or probable cause, converting a victim investigation into an unlawful arrest in violation of the Fourth and Fourteenth Amendments.

COUNT II: 42 U.S.C. § 1983 – Fourth & Fourteenth Amendments (Unlawful Property Seizure & Denial of Due Process) (Against Defendants Sackett, Evidence Custodian, Plutt, McKenzie, and McGraw)

83. Plaintiff realleges all preceding paragraphs. Defendants unlawfully seized and continuously withheld Plaintiff's personal firearm without warrant, inventory receipt, or post-deprivation due process.

COUNT III: 42 U.S.C. § 1983 – Fourteenth Amendment (Punitive Conditions of Confinement, Deliberate Indifference & Denial of Nutrition) (Against Defendants Franca, Day-Shift Gray-Haired Deputy, Night Shift Booking Deputy John Doe 1, and Park County Detention Does)

84. Plaintiff realleges all preceding paragraphs. Defendants subjected Plaintiff, an unconvicted pretrial detainee, to punitive conditions by leaving Plaintiff in wet clothes in an unheated cell, refusing dry garments, refusing to photograph visible injuries on exposed limbs, and denying edible, nutritionally adequate food.

COUNT IV: 42 U.S.C. § 1983 – First & Fourteenth Amendments (Retaliation, Intentional Humiliation & Delayed Bond Release) (Against Defendants Lemire, Chaffee County Desk Officer John Doe 1, and Chaffee Detention Does)

85. Plaintiff realleges all preceding paragraphs. Defendants intentionally stripped Plaintiff of her medical head covering to inflict public humiliation and arbitrarily delayed release paperwork for hours after bond funds were present, acting in retaliation for Plaintiff's protected First Amendment activity and pending litigation.

COUNT V: 42 U.S.C. § 1983 – First & Fourteenth Amendments (Post-Release Intimidation & Surveillance Interference) (Against Defendants Chaffee County Patrol Deputies John Does 5–6 and Supervisory Defendants)

86. Plaintiff realleges all preceding paragraphs. Defendants subjected Plaintiff to aggressive, unannounced residential harassment and surveillance intimidation, deterring Plaintiff from obtaining immediate emergency medical treatment and chilling her exercise of constitutional rights.

COUNT VI: 42 U.S.C. § 1983 – First & Fourteenth Amendments (BWC Spoliation, CAD/RMS Tampering & Denial of Court Access) (Against Defendants Huffman, Wilson, Karcher, Martinez, Goodwin, Nyberg, Morgan, and Chaffee Dispatcher Does 1–3)

87. Plaintiff realleges all preceding paragraphs. Defendants intentionally excised BWC footage, backdated RMS reports, and altered CAD logs to conceal misconduct, prejudice Plaintiff, and deny Plaintiff meaningful access to the courts.

COUNT VII: 42 U.S.C. § 1983 – Supervisory Liability & Failure to Intervene (Against Defendants Rohrich, Walker, McGraw, Spodyak, Plutt, McKenzie, Morgan, Berger, and Fay)

88. Plaintiff realleges all preceding paragraphs. Supervisory and municipal policymaking Defendants had actual notice of ongoing constitutional violations and excessive force history, demonstrating deliberate indifference by promoting offending officers, failing to investigate, and failing to intervene.

COUNT VIII: 42 U.S.C. § 1983 – Monell Municipal Liability (Against Defendants Town of Buena Vista, Board of County Commissioners of Chaffee County, and Board of County Commissioners of Park County)

89. Plaintiff realleges all preceding paragraphs. The deprivations suffered by Plaintiff were caused by established municipal policies, customs, ratification of known unconstitutional conduct, and widespread systemic failures in training and supervision.

COUNT IX: Supplemental State Law Claims (Replevin, Conversion, False Imprisonment, IIED) (Against Applicable Individual Defendants)

90. Plaintiff realleges all preceding paragraphs. Defendants committed conversion, civil theft, false imprisonment, and intentional infliction of emotional distress under Colorado law. Plaintiff is entitled to an order of replevin for the return of her firearm.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff PAMELA RUMNEY SLATER respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally, and grant the following relief:

A. An order compelling the Park County Sheriff's Office and its Evidence Custodian to immediately return Plaintiff's personal firearm in undamaged condition, or award full compensatory restitution for its replacement value and loss of use;

B. Compensatory, actual, general, and special damages against all Defendants in an amount to be determined at trial;

C. Punitive and exemplary damages against the individual Defendants for conduct exhibiting reckless, callous, and intentional indifference to Plaintiff's constitutional rights;

D. Pre-judgment and post-judgment interest as provided by law;

E. Reasonable costs of this action and any statutory litigation expenses; and

F. Such other and further legal or equitable relief as this Court deems just, equitable, and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

Respectfully submitted this 30th day of August, 2026.

PAMELA RUMNEY SLATER, Pro Se Plaintiff
608 Carbonate St. #101
Buena Vista, CO 81211

Telephone: 719-293-1864

Pslater421@gmail.com